**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4056
_____

RAJESH ADHIKARI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-567-743)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2013
Before:  FISHER, GARTH and ROTH, Circuit Judges

(Opinion filed: April 11, 2013)
_____

OPINION
_____

PER CURIAM

Rajesh Adhikari, a citizen of Nepal, seeks review of a Board of Immigration

Appeals (BIA) decision denying his applications for relief from removal.  We will deny

his petition for review.[1]

We agree with the BIA that Adhikari failed to demonstrate "a requisite nexus" between his claim and a statutory ground for asylum and withholding-of-removal relief. See Administrative Record (A.R.) 3 (citing 8 U.S.C. § 1158(b)(1)(B)(i)); see also 8 U.S.C. § 1231(b)(3)(A). Under the REAL ID Act, which applies to Adhikari's case, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i); see also Li v. Att'y Gen., 633 F.3d 136, 142 n.4 (3d Cir. 2011). Adhikari claimed, but did not show, that he was targeted for robbery and extortion based on his membership in a particular social group and his political opinion.

Assuming, without deciding, that Adhikari articulated a cognizable social group of "substantial businessmen of means" under the statute, see Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 345 n.10 (3d Cir. 2008), the record does not compel the conclusion that he suffered mistreatment because of his membership in that group. Furthermore, although Adhikari explained that his assailants identified themselves as members of the Young Communist League and demanded money "from [his] business in order to develop" their

_____

[1] We have jurisdiction under 8 U.S.C. § 1252(a), reviewing the BIA's disposition, as well as the Immigration Judge's decision to the extent the BIA deferred to it. See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). Agency determinations of fact are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary" based on the evidentiary record. 8 U.S.C. § 1252(b)(4)(B); accord Garcia v. Att'y Gen., 665 F.3d 496, 498 n.1 (3d Cir. 2011). Because we write primarily for the parties, we will describe the facts only as they directly relate to our decision.

2

political organization, see A.R. 102–03, the assailants gave no indication that they were singling him out on any protected basis, whether social or political. Cf. INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992) ("The ordinary meaning of the phrase 'persecution on account of . . . political opinion' in [8 U.S.C. § 1101](a)(42) is persecution on account of the *victim's* political opinion, not the persecutor's."). Criminal activity and civil strife, while unfortunate, do not always implicate a protected ground under the Act.[2] See, e.g., Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004). In short, the BIA did not err in denying Adhikari's asylum and withholding claims.[3]

Adhikari also contends that the BIA applied the wrong standard in deciding his Convention Against Torture (CAT) claim. We do not detect any infirmity in the BIA's CAT analysis; simply put, the record does not compel the conclusion that it is more likely than not that Adhikari will be tortured if returned to Nepal. See Roye, 693 F.3d at 341.

For the foregoing reasons, we will deny the petition for review.

---

[2] Although Adhikari contends that evidence in the record supports his claims, "[w]here the record supports plausible but conflicting inferences in an immigration case, the [agency's] choice between those inferences is, a fortiori, supported by substantial evidence." Lopez de Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007).

[3] We do not think that the BIA held Adhikari "to an overly strict standard." Pet'r Br. 25. Extortion that is, in part, politically motivated or is designed to enrich a political entity does not, under the reasoning of Elias-Zacarias, suffice to show that the targets of the extortion were selected on political or social-group grounds. See Elias-Zacarias, 502 U.S at 482.